UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
AHMET CEYLANER,

                            Plaintiff,        **COMPLAINT**
                                            **JURY TRIAL DEMANDED**

    -against-


POLICE OFFICER SEAN MCGILL,
UNIDENTIFIED NYC POLICE OFFICERS and
AN UNIDENTIFIED NYPD SERGEANT,
                            Defendants.
---------------------------------------------------------------x

        Plaintiff Ahmet Ceylaner by his attorneys, Gloria Keum of Keum & Associates, PLLC, complaining of the Defendants herein, respectfully alleges as follows:

**1.** This civil rights action arises from the unjustified False Arrest, Malicious Prosecution, Use of Excessive and Unreasonable Force, Denial of Medical Care and Failure to Act on their Affirmative Duty to Intervene for actions taken and not taken by members of the New York City Police Department (NYPD) and the City of New York against the Plaintiff by the Defendants who were all members of the NYPD.

## JURISDICTION AND VENUE

**2.** This action arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

**3.** Subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§1331 and 1343 (a)(3 & 4).

**4.** Pursuant to 28 U.S.C. §1391(a) (1 & 2) (b) (1 & 2), venue is proper in the Southern District of New York as the events forming the basis of this Complaint occurred in this District.

## PARTIES

5.  At all times relevant, Plaintiff Mr. Ceylaner, was a resident of the City and State of New York.

6.  Upon information and belief, that at all times hereinafter mentioned, NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department (hereinafter, the NYPD), including all the police officers thereof.

7.  Defendants SEAN MCGILL, Unidentified Police Officers and an Unidentified NYPD Sergeant were employed by NYC, as members of the NYPD and these Defendants are sued herein in their individual capacities.

**8.**  Defendants SEAN MCGILL, Unidentified Police Officers and an Unidentified NYPD Sergeant were at all times relevant acting as employees of the NYPD and were acting as state actors acting under color of law.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

9.  On January 5, 2022 at approximately 10:30 p.m. outside of the Richard Rodgers Theater located at 226 W 46th Street, New York, New York, Mr. Ceylaner was standing in front of the Richard Rodgers Theater.

10. On that date and time, Mr. Ceylaner observed PO Sean McGill intentionally drive his RMP into Mr. Ceylaner's pedicab, crashing into it multiple times.

11. Mr. Ceylaner walked over to the vehicle to inspect the damage McGill caused to his pedicab and asked why he had smashed his RMP into Mr. Ceylaner's pedicab.

12. McGill stated to Mr. Ceylaner in sum and substance, "WHAT DID YOU JUST SAY TO ME?"

13. McGill then swung open his RMP's door, angrily exited his RMP and said to Mr.

Ceylaner, a second time, "WHAT DID YOU JUST FUCKING SAY TO ME?"

14. Mr. Ceylaner then informed McGill he wanted to know why McGill intentionally smashed into his vehicle.

15. McGill responded, "YOU NEED TO GET THE FUCK OUT OF HERE."

16. Mr. Ceylaner then attempted to use his cellphone to video record McGill's badge and the damage to his vehicle.

17. Mr. Ceylaner informed McGill that he needed to report what had just occurred and that McGill had damaged his pedicab.

18. Once Mr. Ceylaner had his cellphone out and recorded McGill's badge number, McGill immediately grabbed Mr. Ceylaner's upper body and slammed him against McGill's vehicle causing substantial pain to Mr. Ceylaner's shoulder, arm, leg and most of the right side of his body.

19. McGill then forcefully and intentionally tripped Mr. Ceylaner by forcing Mr. Ceylaner's legs out from under him and violently slammed Mr. Ceylaner's face and the front side of Mr. Ceylaner's body onto the concrete causing Mr. Ceylaner's head, face and body to impact the pavement.

20. Mr. Ceylaner temporarily lost consciousness.

21. Once Mr. Ceylaner regained consciousness, he was unable to see or hear what was going on around him for what seemed like minutes and Mr. Ceylaner was in substantial pain.

22. Shortly thereafter unidentified police officers were present.

23. The officers had no probable cause to arrest or even restrain Mr. Ceylaner, but the unidentified Police Officers held Mr. Ceylaner's body down onto the pavement while McGill twisted Mr. Ceylaner's wrist painfully upward behind his back.

24. McGill tightly handcuffed Mr. Ceylaner's wrists cutting off circulation to his hands and wrists, despite Mr. Ceylaner repeatedly informing the Defendants that the handcuffs were too tight, to no avail.

25. Mr. Ceylaner had not committed a crime and he offered no resistance to the arrest but the defendant officers did nothing to loosen the handcuffs that were cutting into Mr. Ceylaner's skin.

26. Thereafter, while Mr. Ceylaner was fully restrained with handcuffs and was surrounded by other defendant officers, McGill searched through Mr. Ceylaner's property, which included a black bookbag that was not on Mr. Ceylaner's person. McGill also searched Mr. Ceylaner's pedicab.

27. The defendant officers found no illicit items like drugs or weapons in their unlawful and unwarranted search.

28. Mr. Ceylaner repeatedly asked why he was being arrested but no defendant officers were able to verbalize why Mr. Ceylaner was being detained and taken to the 18th precinct.

29. Mr. Ceylaner was taken to the precinct, processed and was released from the side door of the precinct about one day after the unlawful arrest.

30. McGill wrote up illegible summonses in an attempt to cover up McGill's assault and unlawful arrest of Mr. Ceylaner.

31. McGill issued Mr. Ceylaner two (2) summonses that are essentially illegible, which included charges of disorderly conduct for parking.

32. Mr. Ceylaner did not receive any medical treatment after pleading with McGill and the other officers for aid for Mr. Ceylaner's injuries.

33. On April 5, 2023, McGill pled guilty to Criminal Mischief and Disorderly Conduct admitting that McGill indeed crashed into Mr. Ceylaner's pedicab.

34. The NYC Criminal Court Complaint also describes how McGill, "after striking the pedicab and causing damage, placed Mr. Ceylaner under arrest and issued Mr. Ceylaner two summonses[.]"

35. Once McGill pays restitution towards Mr. Ceylaner for the damage to his pedicab and McGill stays arrest free for five (5) months, the Criminal Court of the City of New York will allow McGill to withdraw his misdemeanor plea and McGill will be left with a conviction for disorderly conduct.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFFS' RIGHTS
PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT FOR THE USE
OF EXCESSIVE AND UNREASONABLE FORCE AS WELL AS OVERLY TIGHTENED
HANDCUFFS WHICH DEFENDANTS REFUSED TO LOOSEN**

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

37. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that the Plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants.

38. The excessive force to which the Plaintiff was subjected, was effected by the Defendants without authority of law and without any reasonable necessity to use any force, much less the excessive, unreasonable force they employed, without Plaintiff's consent, with malice, with a conscious disregard for the injuries it could and did cause and with an intent to inflict pain and suffering.

39. As a direct result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more

particularly Plaintiffs' right to be free from the use of excessive and unreasonable force.

40. By reason of the unlawful use of excessive, unreasonable force, the Plaintiff was harmed physically, Mr. Ceylaner incurred cuts, bruises, possible scarring, he was subjected to extreme physical pain, his wrists and head were injured he endured humiliation, embarrassment, anxiety, he was and is still experiencing various ongoing emotional harm.

41. By reason of the aforesaid, the Plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars, and by reason of the malicious and reckless behavior of the Defendants the Plaintiff is entitled to awards of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
FOR VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT FOR
FAILURE TO INTERVENE AND
FAILURE TO PREVENTTHE USE OF EXCESSIVE AND UNREASONABLE FORCE**

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

43. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the individual Defendants had a reasonable opportunity to intervene to prevent the various uses of excessive force and the use of overly tightened handcuffs against the Plaintiff, which were ongoing for an extended length of time, which took place in their presence and they failed to do so, causing and allowing Plaintiff to be injured further.

44. The excessive force to which the Plaintiff was subjected, was effected by the Defendants without authority of law and without necessity to use any force, much less the excessive,

unreasonable force they employed and the force employed was without Plaintiffs' consent, with malice and with an intent to inflict pain and suffering.

45. As a direct result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly Plaintiffs' right to be free from the use of excessive and unreasonable force.

46. By reason of the Defendants' failure to intervene to stop the unlawful use of excessive, unreasonable force, the Plaintiff was harmed physically and emotionally.

47. By reason of the aforesaid, the Plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars, and by reason of the malicious and reckless behavior of the Defendants the Plaintiff is entitled to awards of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT VIA THE DENIAL OF TIMELY, ADEQUATE MEDICAL CARE

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

49. The Defendant officers with deliberate indifference to the Plaintiffs' well-being, obstructed the Plaintiff from obtaining medical care and in so doing violated his rights pursuant to the due process clause of the Fourteenth Amendment.

50. Defendants' deliberate indifference caused the Plaintiff to suffer ongoing pain and emotional harms while the Defendant officers witnessed his obvious, demonstrable pain and suffering, and refused to provide the Plaintiff with timely medical treatment, which while under

arrest he was unable to do for himself.

51. The Defendant officers were both subjectively and objectively aware of the Plaintiff's condition when they refused to provide the Plaintiff with medical care.

52. As a direct result of the Defendant officers' deliberate indifference to the Plaintiffs' need for medical care and treatment, he suffered pain, emotional harms and his injuries were exacerbated and that he was otherwise harmed.

**53.** By reason of the aforesaid, the Plaintiff have been damaged in the sum of One Million ($1,000,000.00) Dollars, and by reason of the malicious and reckless behavior of the Defendants the Plaintiff is entitled to awards of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE FOURTH AMENDMENT
### AND 42 U.S.C.§ 1983 VIA FALSE ARREST

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

55. Plaintiff was subjected to a false arrest by the Defendants.

56. Plaintiffs' rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment and brought before this Court pursuant to 42 U.S.C. § 1983, due to him being falsely arrested by the Defendants.

57. The Plaintiff was confined by Defendants; Defendants intended to confine the Plaintiff; Plaintiff was conscious of his confinement; and the Plaintiff did not consent to his confinements which were not otherwise privileged.

58. As a direct consequence of Defendants' actions, the Plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

59. Among other invasions of his privacy, offenses to his dignity and violations of his rights, Plaintiff was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed and embarrassed and he was otherwise harmed.

**60.** By reason of the aforesaid, the Plaintiff has been damaged and he is entitled to compensatory damages in sum of not less than One Million ($1,000,000.00) Dollars and punitive damages amounts to be determined at trial and Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**WHEREFORE,** Plaintiff respectfully request that judgment be entered as follows:

(A) Declaratory relief finding that Plaintiffs' rights under the United States Constitution were violated;

(B) Compensatory damages to be determined at trial in a sum not less than ONE MILLION ($1,000,000.00) DOLLARS;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages be awarded against Defendants in amounts to be determined at trial;

(D) An award to Plaintiff of the costs and disbursements herein;

(E) An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
June 13, 2023

_____
Gloria C. Keum
Keum & Associates, PLLC
Attorney for Plaintiff
11 Broadway, Suite 615 New York, NY 10004
(212) 433-0638

To:   POLICE OFFICER SEAN MCGILL

To:   The City of New York as an interested party only