UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AHMET CEYLANER,                                            Index No.: 1:23-cv-05422 PKC
                        Plaintiff,

                                **AMENDED COMPLAINT**

   -against-
                                **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
FORMER NYPD POLICE COMMISSIONER KEECHANT SEWELL,
POLICE OFFICER SEAN MCGILL,
UNIDENTIFIED NYC POLICE OFFICERS and
AN UNIDENTIFIED NYPD SERGEANT,
                            Defendants.
-----------------------------------------------------------------x

Plaintiff Ahmet Ceylaner by his attorney, Gloria Keum of Keum & Associates, PLLC, complaining of the Defendants herein, respectfully alleges as follows:

**1.**  This civil rights action arises from the unjustified False Arrest, Use of Excessive and Unreasonable Force, Denial of Medical Care and the on the scene Unidentified Officers' failure to intervene to stop Defendant Police Officer McGill from inflicting injuries on the Plaintiff when there was a reasonable opportunity to do so, as well as for the deliberate indifference of the City of New York through its failure to take action to remedy the ongoing violations of citizen's rights by Defendant McGill of which it was aware. This failure led directly to the harms to which Plaintiff was subjected.

**JURISDICTION AND VENUE**

**2.**  This action arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

**3.**  Subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§1331 and 1343(a)(3 & 4).

**4.**  Pursuant to 28 U.S.C. §1391(a) (1 & 2) (b) (1 & 2), venue is proper in the Southern District of New York as the events forming the basis of this Complaint occurred in this District.

## PARTIES

5. At all times relevant, Plaintiff Mr. Ceylaner, was a resident of the City and State of New York.

6. Upon information and belief, at all times hereinafter mentioned, the defendant, the City of New York, its agents, servants and employees operated, maintained and controlled the New York City Police Department (hereinafter, the NYPD), including all the police officers thereof.

7. Defendant, the City of New York (NYC) is a Municipal Corporation within New York State.

8. Pursuant to §431 of its Charter, NYC established and maintains the NYPD as a constituent department or agency.

9. At all times relevant, Keechant Sewell, was the NYPD Police Commissioner, and she is sued herein in her official capacity as she was at all times relevant the final decision maker for the NYPD.

10. The individual Defendants involved in the incidents giving rise to this litigation were at all times relevant agents, servants, and employees of NYC and the NYPD.

11. Defendants SEAN MCGILL, Unidentified Police Officers and an Unidentified NYPD Sergeant were at all times relevant acting as employees of the NYPD and were acting as state actors acting under color of law and they are sued herein in their capacity as individuals.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

12. On January 5, 2022 at approximately 10:30 p.m. outside of the Richard Rodgers Theater located at 226 W 46th Street, New York, New York, Mr. Ceylaner was standing in front of the Richard Rodgers Theater.

13. On that date and time, Mr. Ceylaner observed PO Sean McGill intentionally drive his

RMP into Mr. Ceylaner's pedicab, crashing into it multiple times.

14. Mr. Ceylaner walked over to the vehicle to inspect the damage McGill caused to his pedicab and asked why he had smashed his RMP into Mr. Ceylaner's pedicab.

15. McGill stated to Mr. Ceylaner in sum and substance, "WHAT DID YOU JUST SAY TO ME?"

16. McGill then swung open his RMP's door, angrily exited his RMP and said to Mr. Ceylaner, a second time, "WHAT DID YOU JUST FUCKING SAY TO ME?"

17. Mr. Ceylaner then informed McGill he wanted to know why McGill intentionally smashed into his vehicle.

18. McGill responded, "YOU NEED TO GET THE FUCK OUT OF HERE."

19. Mr. Ceylaner then attempted to use his cellphone to video record McGill's badge and the damage to his vehicle.

20. Mr. Ceylaner informed McGill that he needed to report what had just occurred and that McGill had damaged his pedicab.

21. Once Mr. Ceylaner had his cellphone out and recorded McGill's badge number, McGill immediately grabbed Mr. Ceylaner's upper body and slammed him against McGill's vehicle causing substantial pain to Mr. Ceylaner's shoulder, arm, leg and most of the right side of his body.

22. McGill then forcefully and intentionally tripped Mr. Ceylaner by forcing Mr. Ceylaner's legs out from under him and violently slammed Mr. Ceylaner's face and the front side of Mr. Ceylaner's body onto the concrete causing Mr. Ceylaner's head, face and body to impact the pavement.

23. Mr. Ceylaner temporarily lost consciousness.

24. Once Mr. Ceylaner regained consciousness, he was unable to see or hear what was going on around him for what seemed like minutes and Mr. Ceylaner was in substantial pain.

25. Shortly thereafter Unidentified Police Officers were present on the scene.

26. The officers had no probable cause to arrest or even restrain Mr. Ceylaner, but the unidentified Police Officers held Mr. Ceylaner's body down onto the pavement while McGill twisted Mr. Ceylaner's wrist painfully upward behind his back.

27. McGill tightly handcuffed Mr. Ceylaner's wrists cutting off circulation to his hands and wrists, despite Mr. Ceylaner repeatedly informing the Defendants that the handcuffs were too tight, to no avail.

28. Mr. Ceylaner had not committed a crime and he offered no resistance to the arrest but the Defendant Officers did nothing to loosen the handcuffs that were cutting into Mr. Ceylaner's skin.

29. Thereafter, while Mr. Ceylaner was fully restrained with handcuffs and was surrounded by other Defendant Officers, McGill searched through Mr. Ceylaner's property, which included a black bookbag that was not on Mr. Ceylaner's person. McGill also searched Mr. Ceylaner's pedicab.

30. The Defendant Officers found no illicit items like drugs or weapons in their unlawful and unwarranted search.

31. Mr. Ceylaner repeatedly asked why he was being arrested but no Defendant Officers were able to verbalize why Mr. Ceylaner was being detained and taken to the 18th precinct.

32. Mr. Ceylaner was taken to the precinct, processed and was released from the side door of the precinct about one day after the unlawful and unconstitutional arrest.

33. Defendant McGill wrote up illegible summonses in an attempt to cover up McGill's

assault and unlawful arrest of Mr. Ceylaner.

34. McGill issued Mr. Ceylaner two (2) summonses that are essentially illegible, which included charges of disorderly conduct for parking.

35. Mr. Ceylaner did not receive any medical treatment after pleading with McGill and the other officers for aid for Mr. Ceylaner's injuries.

36. Since this action has been filed things have gotten considerably worse for Mr. Ceylaner as he lives in constant fear of being in the presence of law enforcement. In particular, Mr. Ceylaner lives within the confines of the Midtown South Precinct, the very precinct that assaulted and illegally arrested Mr. Ceylaner in this case.

37. When Mr. Ceylaner encounters anyone in NYPD uniform or sees members of law enforcement, he fears interacting with them in any manner because Mr. Ceylaner believes it will provoke another unjustifiable assault and unlawful arrest even while Mr. Ceylaner is not engaged in any criminal activity.

38. Further, on or about February 2022, the Manhattan District Attorney's Office began investigating the incident underlying this matter. Consequently, the Police Accountability Unit of the Manhattan District Attorney's Office investigated Defendant McGill.

39. To provide some background information, Defendant McGill's gratuitous assault and unlawful unconstitutional arrest of Mr. Ceylaner was not the first time Defendant McGill had engaged in violent dishonest behavior during his employment.

40. About a year before unjustifiably assaulting and unlawfully arresting Mr. Ceylaner, Defendant McGill had used discourteous language, improperly used his vehicle with force and made false official statements against another individual, which the CCRB investigated and substantiated.

41. However, NYPD failed to address McGill's dangerous and dishonest conduct. Defendant McGill has not faced any normal or reasonable consequences for his dangerous, illegal and unconstitutional behavior exhibited during the course of McGill's employment.

42. According to the Civilian Complaint Review Board (hereinafter "CCRB"), Defendant McGill had Complaint #202103804 filed against McGill in 2021, stemming from an incident in June 2021.

43. The CCRB investigated the matter and substantiated Complaint #202103804:

| Officer | Allegation | CCRB Conclusion |
|---|---|---|
| Mcgill, Sean | Discourtesy: Word | Substantiated (Command Discipline A) |
| Mcgill, Sean | Abuse of Authority: Threat of force (verbal or physical) | Unsubstantiated |
| Mcgill, Sean | Force: Vehicle | Substantiated (Charges) |
| Mcgill, Sean | Abuse of Authority: Forcible Removal to Hospital | Substantiated (Command Discipline A) |
| Mcgill, Sean | Untruthful Statement: False official statement | Substantiated (Charges) |

44. Pursuant to the Title 38-A, Chapter 1, Subchapter B of the Rules of the City of New York, the CCRB "[w]ith respect to complaints about officers and matters within the Board's jurisdiction, the Board will notify the Police Department of the actions complained of within a reasonable period of time after receipt of the complaint."

45. After receiving notice of Defendant McGill's misconduct in 2021, the NYPD had a duty to address McGill's misbehavior through additional training and increased supervision of McGill and the NYPD failed to do this.

46. Thus, prior to January 5, 2022, the date of Defendant McGill's assault of Mr. Ceylaner, the NYPD was in receipt of substantiated information about Defendant McGill's conduct, which included lying, making false official statements and using the force of McGill's vehicle in an

improper manner. This put the NYPD on notice "that the need for more or better supervision to protect against constitutional violations was obvious" Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995).

47. Thus, prior to January 5, 2022, the NYPD was aware that Defendant McGill had caused constitutional injuries of others, or was aware of the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights. Brown, 520 U.S. at 410, 117 S.Ct. 1382.

48. The NYPD failed to act upon this notice and address Defendant McGill's unlawful, violent and unconstitutional conduct which led to Mr. Ceylaner's injuries in the instant case.

49. On or about February 2022 to April 2023, the Police Accountability Unit of the Manhattan District Attorney's Office gathered evidence, interviewed witnesses and obtained surveillance videos which captured Defendant McGill's gratuitous assault and misleading ticketing of Mr. Ceylaner, which were issued to cover up Defendant McGill's assault and McGill's unconstitutional and illegal arrest of Mr. Ceylaner.

50. Finding sufficient evidence against Defendant McGill, on April 5, 2023, the Manhattan District Attorney filed a Criminal Court Complaint against him in NYC Criminal Court.

51. The Manhattan District Attorney charged Defendant McGill with N.Y. Penal § 145.00

52. (03) Criminal Mischief in the Fourth Degree for recklessly damaging Mr. Ceylaner's property and N.Y. Penal § 240.20(01) Disorderly Conduct for engaging in violent conduct against Mr. Ceylaner.

53. In the Criminal Court Complaint against Defendant McGill, the accusatory instrument describes how Defendant McGill, "after striking the pedicab and causing damage, placed Mr. Ceylaner under arrest and issued Mr. Ceylaner two summonses[.]"

54. On April 5, 2023, Defendant McGill pled guilty to Criminal Mischief and Disorderly Conduct admitting that McGill indeed crashed into Mr. Ceylaner's pedicab.

55. To date, the NYPD continues to disregard a known or obvious consequence of leaving Defendant McGill's conduct unaddressed.

56. The NYPD's deliberate indifference to the tendencies of Defendant McGill led directly to McGill's assault, unlawful arrest and resultant injuries to Mr. Ceylaner in a similar manner in which McGill damaged the individual or individuals in connection to CCRB Complaint #202103804.

57. Defendants McGill's misbehavior and NYPD's failure to properly and sufficiently train and supervise Defendant McGill has greatly damaged Mr. Ceylaner's personal, emotional, mental and professional life.

58. Mr. Ceylaner and his witnesses perceive Defendant McGill's and the Midtown South Precinct's alarming conduct as a threat to not only to their professional lives but also to their physical safety.

59. However, to date, Defendant McGill continues to patrol the confines of the Midtown South Precinct without any reasonable or suitable consequences to having unjustifiably assaulted and wrongfully arresting Mr. Ceylaner and other individuals who were injured on dates prior to McGill's encounter with Mr. Ceylaner.

60. Mr. Ceylaner fears walking in his neighborhood and even to step outside of his apartment due to Defendants' misconduct, along with NYPD's deliberate indifference towards Defendant McGill's dangerous and injurious behavior towards the public while working in his official capacity as a police officer.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFFS' RIGHTS
PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT FOR THE USE
OF EXCESSIVE AND UNREASONABLE FORCE AS WELL AS OVERLY
TIGHTENED HANDCUFFS WHICH DEFENDANTS REFUSED TO LOOSEN**

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

62. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that the Plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants.

63. The excessive force to which the Plaintiff was subjected, was effected by the Defendants without authority of law and without any reasonable necessity to use any force, much less the excessive, unreasonable force they employed, without Plaintiff's consent, with malice, with a conscious disregard for the injuries it could and did cause and with an intent to inflict pain and suffering.

64. As a direct result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly Plaintiffs' right to be free from the use of excessive and unreasonable force.

65. By reason of the unlawful use of excessive, unreasonable force, the Plaintiff was harmed physically. Mr. Ceylaner incurred cuts, bruises, possible scarring, he was subjected to extreme physical pain, his wrists and head were injured when law enforcement refused to loosen Mr. Ceylaner's handcuffs and Mr. Ceylaner endured humiliation, embarrassment, anxiety, and he is still experiencing various ongoing emotional harm.

66. By reason of the aforesaid, the Plaintiff has been damaged in the sum of One Million

($1,000,000.00) Dollars, and by reason of the malicious and reckless behavior of the Defendants the Plaintiff is entitled to awards of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF FOR VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT FOR FAILURE TO INTERVENE AND FAILURE TO PREVENT THE USE OF EXCESSIVE AND UNREASONABLE FORCE

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

68. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the individual Defendants had a reasonable opportunity to intervene to prevent the various uses of excessive force and the use of overly tightened handcuffs against the Plaintiff, which were ongoing for an extended length of time, which took place in the presence of the Unidentified Defendant Officers and they had a reasonable opportunity to do so but they in fact did not, which caused Plaintiff to be further injured.

69. The excessive force to which the Plaintiff was subjected, was effected by the Defendants without authority of law and without necessity to use any force, much less the excessive, unreasonable force they employed and the force employed was without Plaintiffs' consent, with malice and with an intent to inflict pain and suffering.

70. As a direct result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly Plaintiffs' right to be free from the use of excessive and unreasonable force.

71. By reason of the Defendants' failure to intervene to stop the unlawful use of excessive, unreasonable force, the Plaintiff was harmed physically and emotionally.

72. By reason of the aforesaid, the Plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars, and by reason of the malicious and reckless behavior of the Defendants the Plaintiff is entitled to awards of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT VIA THE DENIAL OF TIMELY, ADEQUATE MEDICAL CARE

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

74. The Defendant Officers with deliberate indifference to the Plaintiffs' well-being, obstructed the Plaintiff from obtaining medical care and in so doing violated his rights pursuant to the due process clause of the Fourteenth Amendment.

75. Defendants' deliberate indifference caused the Plaintiff to suffer ongoing pain and emotional harms while the Defendant Officers witnessed his obvious, demonstrable pain and suffering, and refused to provide the Plaintiff with timely medical treatment, which while under arrest he was unable to do for himself.

76. The Defendant Officers were both subjectively and objectively aware of the Plaintiff's condition when they refused to provide the Plaintiff with medical care.

77. As a direct result of the Defendant Officers' deliberate indifference to the Plaintiffs' need for medical care and treatment, he suffered pain, emotional harms and his injuries were exacerbated and that he was otherwise harmed.

78. By reason of the aforesaid, the Plaintiff have been damaged in the sum of One Million ($1,000,000.00) Dollars, and by reason of the malicious and reckless behavior of the Defendants

the Plaintiff is entitled to awards of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C.§ 1983 VIA FALSE ARREST

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

80. Plaintiff was subjected to a false arrest by the Defendants.

81. Plaintiffs' rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment and brought before this Court pursuant to 42 U.S.C. § 1983, due to him being falsely arrested by the Defendants.

82. The Plaintiff was confined by Defendants; Defendants intended to confine the Plaintiff; Plaintiff was conscious of his confinement; and the Plaintiff did not consent to his confinements which were not otherwise privileged.

83. As a direct consequence of Defendants' actions, the Plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

84. Among other invasions of his privacy, offenses to his dignity and violations of his rights, Plaintiff was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed and embarrassed and he was otherwise harmed.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT NEW YORK CITY i.e., MONELL CLAIM

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

86.  NYC was aware of Defendant McGill's tendency to unnecessarily employ excessive and unreasonable force in the course of making arrests.

87.  NYC was aware of Defendant McGill making false official statements in the course of his employment.

88.  NYC's failure to take corrective action and its deliberate indifference to Defendant McGill's ongoing behavior led directly to the harms inflicted on the Plaintiff.

89.  By reason of the aforesaid, the Plaintiff has been damaged and he is entitled to compensatory damages in sum of not less than One Million ($1,000,000.00) Dollars to be determined at trial and Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

   **WHEREFORE,** Plaintiff respectfully request that judgment be entered as follows:

   (A) Declaratory relief finding that Plaintiffs' rights under the United States Constitution were violated;
   (B) Compensatory damages to be determined at trial in a sum not less than ONE MILLION ($1,000,000.00) DOLLARS;
   (C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages be awarded against Defendants in amounts to be determined at trial;
   (D) An award to Plaintiff of the costs and disbursements herein;
   (E) An award of attorneys' fees pursuant to 42 U.S.C. §1988; and
   (F) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       March 19, 2024

Gloria C. Keum
Attorney for Plaintiff
11 Broadway, Suite 615, NY, NY 10004
(212) 433-0638

To:  POLICE OFFICER SEAN MCGILL
To:  Former NYPD Police Commissioner Keechant Sewell, in her official capacity only
To:  The City of New York